# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | | |
|---|---|---|
| STEPHEN B. REEVES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | NO. 3:11-CV-400 |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus by a Person in State Custody, filed by Stephen B. Reeves on October 12, 2011. For the reasons set forth below, the petition (DE # 1) is **DENIED**.

BACKGROUND

Stephen B. Reeves, a *pro se* prisoner, is challenging the prison disciplinary proceeding (ISP 11-07-0077) held by the Indiana State Prison Disciplinary Hearing Body (DHB) on July 22, 2011. Reeves was found guilty of Theft in violation of B-215. He was punished with the loss of 60 days earned credit time, 30 days loss of commissary, and $12,000 in restitution. In this habeas corpus petition, Reeves raises four grounds.

DISCUSSION

First, he argues that the conduct report was written seven days later than permitted by prison rules. Even if that is true, habeas corpus relief is not available for the violation of a prison rule. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.") Therefore this is not a basis for habeas corpus relief.

Second, Reeves argues that he was not shown all of the evidence against him. This is not a basis for habeas corpus relief. "[D]isciplinary boards need not place on the record all of the evidence that influences their decisions [because] considerations of institutional security may militate against full disclosure." *White v. Ind. Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001). Such is the case here. The court has reviewed the confidential investigation file and agrees that it should be "withheld from the prisoner and the public," *id.*, for reasons of institutional security. Nevertheless, a review of the sealed file demonstrates that there is more than sufficient evidence for the DHB to have found Reeves guilty of theft.[1]

---

[1] The respondent argues that the conduct report alone is sufficient to support finding Reeves guilty. In this case, it is not. Though there are cases where a conduct report is sufficient on its own, those cases involve events which are within the personal knowledge of the report writer such that the conduct report is the equivalent of a written statement made by the same person. *See McPherson v. McBride*, 188 F.3d 784, 784-85 (7th Cir. 1999) ("I officer B. Fields observed offenders McPherson, Monte D.O.C. # 943559 and offender Steele, Tommy

Third, Reeves argues that the conduct report mistakenly alleges that he had a large amount of commissary in his cell. He states that the value of the commissary items seized from his cell was only $21.58 and that this is not a large amount. Neither is it relevant to this court's review. "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). Here, the investigative file contains sufficient evidence for the DHB to have found Reeves guilty even if no commissary items had been found in his cell. Reeves was charged with theft – not hoarding. His guilt does not depend on what he did with the items once he stole them. Therefore this is not a basis for habeas corpus relief.

Finally, Reeves argues that there is insufficient evidence to find that the amount of stolen commissary was $24,000, and that he should be held responsible for half of that amount. He is incorrect. The confidential file contains accounting information sufficient to support the $24,000 loss. Moreover, because there was some evidence that Reeves was one of two inmates involved, it was not irrational to have apportioned him with half the restitution. *See Superintendent v. Hill*, 472 U.S. 445, 456-57 (1985)

---

D.O.C. # 933004 kissing and rubbing on each others [buttocks] and holding each others [genitals] while the running of chow.") Where, as here, the conduct report is a summery of a larger investigation – not based on the personal knowledge of the author – the conduct report alone is not sufficient. To find otherwise would mean that every conduct report alleging a violation would be sufficient.

3

(disciplinary action supported when inmate was one of three seen fleeing from scene of assault even when victim denied fellow inmates had assaulted him); *Hamilton v. O'Leary*, 976 F.2d 341, 346 (7th Cir. 1992) (discovery of weapon in area controlled by four inmates created twenty-five percent chance of guilt supporting disciplinary action); *Mason v. Sargent*, 898 F.2d 679, 680 (8th Cir. 1990) (disciplinary action supported when contraband was found in locker shared by two inmates). Thus, even though there is not evidence which identifies Reeves as having stolen exactly $12,000 worth of commissary items, "[t]he Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 457 (1985). Therefore Reeves has presented no basis for habeas corpus relief.

CONCLUSION

For the reasons set forth above, the petition (DE # 1) is **DENIED**.

**DATED: October 26, 2012** /s/RUDY LOZANO, Judge
**United States District Court**

4